**DAUGHERTY et ux. v. GRIFFITH.**

**No. 2995.**

Court of Civil Appeals of Texas. Beaumont.

Dec. 18, 1936.

Rehearing Denied Jan. 13, 1937.

McComb & Marsh, of Conroe, for appellants.

Campbell, Myer & Myer, of Houston, for appellee.

WALKER, Chief Justice.

This was an action in trespass to try title by appellants, James Daugherty and wife, against appellee, O. Griffith, to recover the title and possession of the following described tract of land, to wit: "A part of the Wm. Lynch 1/3 League, located west of the H. E. & W. T. Railway and 75 feet from center of said Railway track at right of same, set an iron bolt a corner, said iron bolt being the same as described in deed from J. T. Bryan and wife to Mrs. L. A. Robinson, dated May 28th, 1906, and recorded in vol. 28, page 279, Deed Records of Montgomery County, Texas, having been filed for record on Oct. 14th, 1907, and a white oak tree 30″ in dia. marked X brs. N. 2 E. 34 feet, (said tree having been recently cut down.), this stake being the starting point for the plat herein described, Thence S. 17 degrees W. 91 feet to iron stake for corner; Thence N. 73 degrees W. 123 feet to iron stake for corner; Thence S. 17 degrees W. 11 feet to iron stake for corner; Thence N. 73 degrees W. 173 feet to iron stake for corner; Thence N. 17 degrees E. 66 feet to iron stake for corner; Thence S. 73 degrees E. 173 feet to iron stake for corner; Thence N. 17 degrees E. 107 feet to iron stake for corner; Thence S. 50 degrees 131 feet to iron stake, the place of beginning, less 28/100 of an acre of land conveyed by plaintiffs to the county of Montgomery."

Appellee answered by general demurrer, plea of not guilty, and by disclaimer, except as to the following described tract of land: "All that certain parcel or tract of land lying and being situated in the County of Montgomery, State of Texas, and being out of the Wm. Lynch Survey, described as follows: Beginning at the extreme northwest corner of the depot building belonging to the H. E. & W. T. Railroad Company in the Town of New Caney, Texas; Thence North 10½ E 151.8 feet to station stake set in center of track between the rails; Thence North 73 West 175 feet to the Northeast corner of cross plaintiff's property, which is in the West line of Highway No. 35; Thence S. 17 W. 101.1 feet to stake set for cross plaintiff's Southeast corner, this said line being parallel with and adjoins the West right-of-way line of Highway No. 35; Thence North 74½ W. 461.5 feet to stake set for the Southwest corner, which is also the Southeast corner of the Sorter tract; Thence North 1 East, 450.5 feet to a stake set in the edge of Conroe-New Caney Road, this being the Northwest corner of cross plaintiff's land; Thence South 68½ East, 114 feet to stake set for corner; Thence South 40 East 576.8 feet, more or less, along the Conroe-New Caney Road to place of Beginning."

As to this tract of land appellee pleaded affirmatively against appellants in trespass to try title the several statutes of limitation. On trial to the court without a jury, judgment was entered in favor of appellee, with the following conclusions of fact and law:

"Findings of Fact:

"(1) The parties to this suit have filed in writing among the papers in this case an agreement that L. A. Robinson of Montgomery County, Texas, is common source of title for the land involved in this case. (2) The plaintiffs, James Daugherty and wife, Anna Daugherty, have wholly failed to prove a good and sufficient record title to the land described in their petition filed herein. (3) The defendant, O. Griffith, has proven a good and sufficient record title to the land described in his cross bill. (4) The defendant, O. Griffith, has also proven

198

a good and sufficient limitation title to the land described in his cross bill.

"Conclusions of Law:

"(1) The plaintiffs, James Daugherty and wife, Anna Daugherty, have failed to prove a good title to the land described in their petition, and should take nothing by this suit against defendant, O. Griffith. (2) The defendant, O. Griffith, has proven a good and sufficient record title to the land described in his cross bill, and has also proven a good and sufficient limitation title thereto, and he should recover of and from plaintiffs, James Daugherty and wife, Anna Daugherty, the land described in his cross bill, and judgment is so entered in this case."

### Opinion.

The evidence supports the trial court's conclusions of fact. On oral argument, by map and plat prepared by counsel for appellants for the purposes of the argument, appellants insisted that the land in controversy was a strip of land 23 feet wide lying between the west boundary line of highway No. 35 and the east boundary line of the land claimed by appellee in his disclaimer. This narrow strip of land thus identified by appellants is not within the field notes contained in appellant's petition, but lies outside of the field notes and to the north of the north boundary line of the land claimed by appellants.

Appellee, O. Griffith, as found by the court, offered in evidence a regular chain of title to all the land claimed by him in his disclaimer, which included the narrow strip of land identified by appellants as the land in controversy, making his east boundary line a common line with the west boundary line of highway No. 35. It is the contention of appellants that appellee's east boundary line is 200 yards from the center of the Houston E. & W. T. Railroad track; that contention is based on the following description in appellee's chain of title: "Beginning at a stake which is 200 feet North 73 deg. West from center of Houston East & West Texas Railroad track, at right, same being the Northwest corner of lot formerly owned by J. T. Bryan."

Appellants' contention is without merit. The J. T. Bryan corner was identified as being in the west line of highway No. 35. The call for the Bryan corner controls the call for the distance of 200 feet. Again, the beginning corner of appellee's land is not placed at 200 feet west of the center of the railroad track, but at "200 feet North 73 degrees West" from the center of the track, which will place the beginning corner practically, even on the call for distance, in the west line of highway No. 35.

Appellee had under fence the land described in his disclaimer, claiming and using it continuously for a period of twenty-five years. There was no testimony raising an issue against his claim.

The evidence supports the trial court's conclusions of fact, which support his conclusions of law. It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.

### On Rehearing.

We withdraw the following statement contained in the original opinion: "Again, the beginning corner of appellee's land is not placed at 200 feet west of the center of the railroad track, but at '200 feet North 73 degrees West' from the center of the track, which will place the beginning corner practically, even on the call for distance, in the west line of highway No. 35."

In all other respects the motion for rehearing is overruled.